STATE OF WEST VIRGINIA

*In re* **L.R. and G.R.**

**No. 17-1126** (Fayette County 17-JA-9 and 10)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.W., by counsel Jamison Conrad, appeals the Circuit Court of Fayette County's October 24, 2017, order terminating her parental rights to L.R. and G.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher Moorehead, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the DHHR made reasonable efforts toward reunification and in terminating her parental rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was named a respondent in a prior abuse and neglect case which began in September of 2015. The DHHR filed a petition alleging that petitioner and the father were addicted to controlled substances and that their addictions caused their neglect of L.R. and G.R. Petitioner stipulated to adjudication in that case and received an improvement period. Ultimately, petitioner's improvement period was revoked and custody of the children was awarded to the father. Thereafter, petitioner visited the children only on holidays and birthdays.

The current abuse and neglect case began in February of 2017 when the DHHR filed a second petition alleging that L.R. was sexually abused by her brother and other neighborhood

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

children and that the father failed to protect her from the sexual abuse. The DHHR alleged that petitioner was incarcerated at the time the petition was filed.[2]

Petitioner stipulated to the allegations in March of 2017 and was adjudicated as an abusing parent. Thereafter, petitioner moved for an improvement period and the circuit court held an evidentiary hearing on the motion on April 27, 2017. Petitioner called only one witness, the DHHR worker who was transporting petitioner to drug screens. The worker testified that she transported petitioner four times for drug screens and that petitioner was compliant with the screens. The circuit court referenced a report that stated petitioner had no contact with the DHHR from the petition's date of filing in February of 2017 until March 31, 2017. The report indicated that petitioner's first screen on April 1, 2017, was positive for alcohol and petitioner admitted that she drank alcohol that morning. Further, petitioner did not appear for her multidisciplinary team ("MDT") meeting or for the last circuit court hearing on the father's motion for an improvement period. The circuit court also recalled petitioner's 2015 abuse and neglect proceeding and her non-compliance with the terms of the improvement period in that proceeding. Ultimately, the circuit court found that petitioner did not demonstrate a likelihood that she would fully participate in an improvement period and denied petitioner's motion for a post-adjudicatory improvement period.

In August of 2017, the circuit court held a dispositional hearing during which petitioner moved for a post-dispositional improvement period and the DHHR moved for petitioner's termination of parental rights. Petitioner's transportation provider testified that she was compliant with services except for a period of time from mid-June of 2017 until late-July of 2017, where petitioner was incarcerated twice on criminal charges. A service provider testified that petitioner participated in four parenting classes, but that the last class in late July of 2017 ended abruptly when petitioner admitted she drank alcohol that day and was "ready to kill [herself]." The service provider helped petitioner check into a mental health treatment facility, but petitioner left against medical advice soon after she arrived. The DHHR case manager testified that she was concerned with petitioner's lack of appropriate housing, employment, transportation and alcohol consumption. Additionally, the case manager testified that parenting classes were not initiated for five months after the filing of the petition and that, other than during her incarceration, petitioner was compliant with services. Finally, petitioner testified that she consumed alcohol on a daily basis, was currently homeless, and was unemployed. The circuit court then continued the dispositional hearing on petitioner's motion to receive the psychological report for G.R.

On October 2, 2017, the circuit court reconvened for the dispositional hearing, and, based upon the psychological report and the prior testimony, denied petitioner's motion for a post-dispositional improvement period and terminated her parental rights. In support of termination, the circuit court found petitioner was unreliable in her previous case and that her participation in the current matter was sporadic due to her incarcerations and alcohol use. The circuit court also found that the DHHR made reasonable efforts to promote reunification, including drug screens and parenting classes, but their efforts had failed. Finally, the circuit court found there was no

[2]Petitioner was released from incarceration prior to her adjudicatory hearing.

reasonable likelihood that the conditions of abuse or neglect could be corrected and termination of petitioner's parental rights was necessary for the children's welfare. These findings were memorialized in the circuit court's "Disposition Order" entered on October 24, 2017.[3] Petitioner now appeals that order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. We disagree. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002).

The circuit court did not err in denying petitioner's motions for an improvement period because petitioner did not exhibit a likelihood to fully participate in an improvement period. Although petitioner demonstrated some compliance in services, her compliance was sporadic due to her periodic incarceration, limited participation in services, and her alcohol use. Petitioner's

---

[3]The father's parental rights were also terminated. According to the parties, the children are in separate foster homes with sibling visitation. The permanency plan for the children is adoption in their respective foster homes.

3

daily alcohol use made a clear impact on her ability to improve her parenting. Petitioner began her random drug screening with a positive test for alcohol and an admission that she was drinking on the morning of the test. Petitioner's daily alcohol use also interrupted her parenting classes when she became too intoxicated to continue instruction and threatened self-harm. Further, petitioner's criminal charges and incarcerations postponed parenting instruction and drug screening for weeks. Moreover, petitioner's addiction and noncompliance in the previous abuse and neglect proceedings resulted in her loss of custody. Thus, the circuit court found that petitioner could not remedy the conditions of abuse and neglect and that no improvement was likely. Accordingly, we find that the circuit court did not err in denying petitioner's motions for an improvement period.

Petitioner further argues that the circuit court erred in finding that the DHHR made reasonable efforts to reunify the family. We disagree. Absent aggravated circumstances or other specific situations as set forth by law, the DHHR has a statutory duty to make reasonable efforts to preserve the family. *See* W.Va. Code § 49-4-604(b)(7). In these proceedings, the circuit court found that the DHHR satisfied its statutory duty by providing petitioner with multiple services, including drug screens and parenting education. However, the record is clear that petitioner's instability interrupted these services before she gleaned any positive effect. Petitioner's voluntary intoxication and threats of self-harm ended one session and petitioner's sporadic incarceration resulted in multiple weeks when she could not participate in services. Petitioner argues that the DHHR delayed assigning a parenting provider to her. However, petitioner voluntarily missed opportunities, such as MDTs and court hearings, where she could have requested additional services to address her parenting issues. Petitioner was never denied or requested additional assistance. Accordingly, we find that the circuit court did not err in finding that the DHHR made reasonable efforts to reunify the family.

Finally, petitioner argues that the circuit court erred in finding there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected because her conditions of abuse or neglect do not fall within any of the circumstances enumerated in West Virginia Code § 49-4-604(c). We disagree. West Virginia Code § 49-4-604(c) provides that "'no reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that, based on the evidence before the court, the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [her] own or with help." West Virginia Code § 49-4-604(c) further lists specific factual circumstances when those conditions exist and clearly provides those circumstances "are not exclusive." On appeal, petitioner acknowledges that this list is not exclusive, but asserts that her circumstances do not match those enumerated. Petitioner was incarcerated twice, imbibed alcohol in the mornings before parenting classes and drug screens, lost her housing, threatened to commit suicide, and then refused mental health treatment. Petitioner's actions did not exhibit stability or safety for the children. Further, this instability continued from petitioner's previous improvement period which began in 2015. As such, we find no error in the circuit court's finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected.

Moreover, West Virginia Code § 49-4-604(b)(6) provides that upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the [children]" the circuit may terminate

4

parental rights of an abusing parent. We have previously held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875 (quoting Syl. Pt. 1, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)). Also, the circuit court correctly found that it was necessary for the welfare of the children to terminate petitioner's parental rights. Petitioner could not manage a stable lifestyle a year after her previous improvement period or at any point during these proceedings. It is clear from the record that the children needed more stability than petitioner could timely provide. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 24, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker